UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEC A. NASSAR,

    Plaintiff,

v.

                                       Case No. 06-15461

                                       Honorable Patrick J. Duggan

CITY OF DEARBORN, et al.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 10, 2008.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

On November 13, 2006, Alec A. Nassar ("Plaintiff") initiated this lawsuit in the Wayne County Circuit Court against the City of Dearborn, the City of Dearborn's Police Department ("DPD"),[1] Sergeant Gomolak[2] of the DPD, and Derek Greathouse, a DPD officer (collectively referred to as "Defendants"), after Defendants confiscated Plaintiff's handguns and Concealed Pistol License ("CPL"). In his complaint, Plaintiff seeks monetary damages pursuant to 42 U.S.C. § 1983 and § 1985(3) based on Defendants'

---

[1]The parties stipulated to the dismissal of DPD on August 16, 2007.

[2]Sergeant Gomolak is now known as Sergeant Susan Fett.

alleged deprivation of "his personal property and property rights and his rights guaranteed by the laws and Constitution of Michigan and the United States." (Compl. ¶ 15.) Defendants timely removed this action to this Court based on federal question jurisdiction. 28 U.S.C. § 1441. Presently before this Court is Defendants' motion for summary judgment. A hearing was held on Defendants' motion on April 24, 2008. At the April 24, 2008 hearing, the Court requested a supplemental brief from Plaintiff setting forth the specific constitutional violations alleged against Defendants. On May 1, 2008, Plaintiff filed a supplemental brief, to which Defendants responded on May 6, 2008.

## I. Background

On December 16, 2005, Plaintiff went to the DPD to apply for a permit to purchase a handgun. (Defs.' Ex. D at 1.) Three days later, on December 19, 2005, Plaintiff's application was denied by Sergeant Gomolak based on Plaintiff's prior criminal history. (*Id.* at 2.) Plaintiff then applied to the Wayne County Weapon Licensing Board ("Licensing Board") for a CPL, and on April 11, 2006, Plaintiff's application for a CPL was approved by the Licensing Board.

On May 12, 2006, Plaintiff purchased a handgun (the "first handgun"). Because Plaintiff had a CPL at the time he purchased the first handgun, he did not need to apply for a permit prior to purchasing the first handgun. *See* MICH. COMP. LAWS § 22.428a. Plaintiff went to the DPD to have the first handgun registered on May 17, 2006. (*See* Def.'s Ex. E.) Plaintiff states that he "was informed by the [DPD] that it would not register [the first handgun], citing an outstanding issue relating to [his] driver's license in Roscommon County." (Pl.'s Resp. Br. Ex. 1, Plaintiff's Affidavit ¶ 9.) Plaintiff claims

2

that he resolved the issue with Roscommon County.

According to Defendants, while processing Plaintiff's paperwork to register the first handgun, the DPD learned that Plaintiff had obtained a CPL, and Sergeant Gomolak contacted the Licensing Board "about [Plaintiff's] previous criminal history." (Defs.' Mot. Ex. B, Sergeant Gomolak's Affidavit ("Gomolak Aff.") ¶ 6.) Sometime thereafter, the Licensing Board directed Sergeant Gomolak "to take possession of [Plaintiff's] guns [*sic*] and [CPL] if he returned to the [DPD]." (Gomolak Aff. ¶ 8.)

Plaintiff purchased another handgun (the "second handgun") on May 28, 2006. (Pl.'s Aff. 10.) On June 2, 2006, Plaintiff went to the DPD to register both handguns. (*Id.* ¶ 10.) According to Defendants, when Plaintiff presented the handguns for registration, a LEIN check revealed that his CPL was suspended on May 19, 2006. (*See* Def.'s Ex. F.) The DPD then seized both the first and second handguns as well as Plaintiff's CPL.

On June 13, 2006, the Licensing Board conducted a hearing on the status of Plaintiff's CPL. (Defs.' Br. at 5.[3]) Plaintiff's CPL was suspended on June 19, 2006, and later revoked by the Licensing Board on July 14, 2006. (*Id.*)

II. **Standard of Review**

Defendants' move for summary judgment pursuant to Rule 56 of the Federal Rules

---

[3]In their brief, Defendants state that the June 13, 2006 hearing date, the June 19, 2006 suspension, and the July 14, 2006 revocation are uncontested facts, because they are "deemed admitted by Plaintiff's failure to response to Defendants' Requests for Admissions attached as Exhibit C." (Defs.' Br. at 5; *see also* Ex. C at 5-8.)

of Civil Procedure. This Court will grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has met its burden, Rule 56(e)(2) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. FED. R. CIV. P. 56(e)(2); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53. It is not enough that the nonmoving party comes forward with the "mere existence of a scintilla of evidence . . . ," *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). Rather, the nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

## III. Discussion[4]

Plaintiff asserts that Defendants are liable under 42 U.S.C. § 1983 for violations of his constitutional rights. To prove a claim under 42 U.S.C. § 1983, Plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or laws of the United States, (2) by a person acting under color of state law. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 452 (6th Cir. 2007). In his supplemental brief, Plaintiff argues that Defendants violated the Second, Fourth, and Fourteenth Amendments when they seized Plaintiff's handguns and CPL.

Plaintiff first asserts that Defendants "infringed [his] right to keep and bear arms, and are therefore, liable for violation of these [*sic*] Second Amendment of the Constitution." (Pl.'s Supp. Br. at 4.) Plaintiff's reliance on the Second Amendment is

---

[4]Defendants, in response to Plaintiff's supplemental brief, assert that Plaintiff's 42 U.S.C. § 1983 claims against the individuals Defendants, must fail, because Plaintiff failed to allege that he is suing Gomolak and Greathouse in their individual capacities. Therefore, according to Defendants, Plaintiff must be suing Gomolak and Greathouse in their official capacities, and as a result, Plaintiff must prove that Gomolak and Greathouse seized his guns and CPL pursuant to the City of Dearborn's custom or policy.

The Court will not address Defendants' official capacity arguments for two separate but related reasons. First, Defendants went beyond the scope of this Court's request for supplemental briefing by raising their official capacity argument for the first time in their response to Plaintiff's supplemental brief. At the April 24, 2008 motion hearing, this Court instructed Plaintiff to file a supplemental brief setting forth the particular constitutional violations he is alleging, and gave Defendants the opportunity to respond to Plaintiff's asserted constitutional violations. Second, Plaintiff has not had an opportunity to respond to Defendant's official capacity argument because it was raised for the first time in Defendants' response to Plaintiff's supplemental brief. Just as "a party may not raise new issues for the first time in a reply brief," *Resolution Trust Corp. v. Townsend Assoc. Ltd. P'ship*, 840 F. Supp. 1127, 1142 n.15 (E.D. Mich. 1993), a party may not raise new arguments in a response to a supplemental brief. Therefore, the Court will not consider Defendants' official capacity argument.

5

misplaced because the Second Amendment does not apply to the states. *Pencak v. Concealed Weapon Licensing Bd.*, 872 F. Supp. 410, 413 (E.D. Mich. 1994). "The Second Amendment declares that it shall not be infringed, but this. . . means no more than that it shall not be infringed by Congress. This is one of the amendments that has no other effect than to restrict the powers of the National Government." *Presser v. Illinois*, 116 U.S. 252, 265, 6 S. Ct. 580, 584 (1886). Federal courts still follow *Presser*. *See, e.g., Bach v. Pataki*, 408 F.3d 75, 86 (2d Cir. 2005); *Pencak*, 872 F. Supp. at 413 (collecting cases). Consequently, because Plaintiff is suing state actors, the Second Amendment does not apply. Therefore, Plaintiff's Second Amendment claim is without merit.

Next, Plaintiff argues that "Defendants' conduct constitutes an unreasonable seizure of [his] property, constituting a violation of [his] rights under the [F]ourth Amendment of the Constitution." (Pl.'s Supp. Br. at 5.) The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. CONST. amend. IV. "The text of the Fourth Amendment therefore extends protection against unreasonable seizure of personal property, i.e., 'papers[] and effects,' as well as seizures of the person." *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 308 F.3d 523, 543 (6th Cir. 2002)(citations omitted)(alterations in original). "In general, like seizures of the person, seizures of personal property require probable cause." *Id.* Probable cause requires that the police possess "'reasonably trustworthy information'" to warrant an officer of reasonable caution to believe that the arrestee had committed or was committing an

6

offense. *Centanni v. Eight Unknown Officers*, 15 F.3d 587, 592 (6th Cir. 1994)(quoting *Beck v. Ohio*, 379 U.S. 79, 81, 85 S. Ct. 223, 226 (1964)).

In this Court's opinion, there is no genuine issue of material fact that Defendants had probable cause to believe that Plaintiff was unlawfully carrying a concealed weapon on June 2, 2006, the day Plaintiff arrived at the DPD with two handguns. As indicated above, Defendants have proffered evidence that they conducted a LEIN check on June 2, 2006, which revealed that Plaintiff's CPL was suspended on May 19, 2006. (*See* Defs.' Ex. F.) Plaintiff does not dispute this evidence. Because Defendants had information that Plaintiff's CPL was suspended on June 2, 2006, they had probable cause to believe that Plaintiff was carrying the handguns in violation of Michigan's concealed pistol statute. *See* MICH. COMP. LAWS § 28.422(1). Consequently, Defendants' seizure of Plaintiff's handguns and CPL on June 2, 2006 did not violate the Fourth Amendment. *See* MICH. COMP. LAWS § 28.425g (stating that a pistol carried in violation of the concealed pistol law is "subject to seizure").

Plaintiff also contends that Defendants deprived him of his procedural and substantive due process rights under the Fourteenth Amendment.[5] The Fourteenth Amendment guarantees "due process of law" for any deprivation of "life, liberty or property." U.S. CONST. amend. XIV. "This guarantee includes both procedural and

---

[5] Plaintiff actually argues that Defendants violated his due process rights as guaranteed by the Fifth Amendment. Contrary to Plaintiff's contention, "the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government." *Scott v. Clay County*, 205 F.3d 867, 872 n.8 (6th Cir. 2000)(citations omitted). Therefore, in this case, Plaintiff must rely on the procedural and substantive components of the Fourteenth Amendment's Due Process Clause.

substantive components." *Jenkins v. Rock Hill Local Sch. Dist.*, 513 F.3d 580, 590 (6th Cir. 2008).

Claims pursued under the procedural component of the Fourteenth Amendment's Due Process Clause are analyzed under a two-part test. "First, the court must determine whether the interest at stake is a protected liberty or property right under the Fourteenth Amendment." *Thomas v. Cohen*, 304 F.3d 563, 576 (6th Cir. 2002)(citations omitted). Second, if the court finds that there is a protected liberty or property right at stake, the court must determine what process is due. *Sickles v. Campbell County*, 501 F.3d 726, 730 (6th Cir. 2007)(citations omitted). No one disputes that Plaintiff had a property right in his handguns and CPL. Therefore, Plaintiff's procedural due process claim turns on the second part of the analysis.

Plaintiff argues that his "rights to Due Process were violated where [*sic*] he was afforded no opportunity to be heard prior to the deprivation of [*sic*] protected interest in this property and where none of the statutory bases for immediate seizure of his guns or permit was applicable." (Pl.'s Supp. Br. 5.) The Sixth Circuit, however, has held that "[a] prior hearing is not constitutionally required where there is a special need for very prompt action to secure an important public interest and where a government official is responsible for determining . . . that it was necessary and justified in a particular instance." *Flatford v. City of Monroe*, 17 F.3d 162, 167 (6th Cir. 1994).[6] Here,

---

[6]*Flatford* addressed whether a predeprivation hearing was required prior to an eviction. *See Flatford*, 17 F.3d at 165. Plaintiff does not cite a case addressing a procedural due process claim with facts analogous to the case at bar, and the Court's independent research has not uncovered a factually analogous case. Nevertheless, in this

8

Defendants had probable cause to believe that Plaintiff was carrying his handguns in violation of Michigan's concealed pistol statute. *See supra* page 7. There is also evidence in the record showing that Defendants were acting at the direction of the Licensing Board, which has exclusive authority to issue, deny, revoke, or suspend a CPL. *See* MICH. COMP. LAWS § 28.425a(5). Plaintiff has not proffered any evidence showing that the DPD was not acting pursuant to an important public interest and the seizure of Plaintiff's handguns and CPL was not necessary and justified in these circumstances. Accordingly, this Court finds that Defendants are entitled to summary judgment as to Plaintiff's procedural due process claim.

Plaintiff also invokes the substantive component of the Fourteenth Amendment's Due Process Clause. More specifically, Plaintiff argues that Defendants' actions "shock[ed] the conscience" and were "arbitrary and without any justification where they act [*sic*] intentionally to deprive Plaintiff of his rights under the U.S. Constitution." (Pl.'s Supp. Br. at 6.) Contrary to Plaintiff's assertion, this Court does not believe that the evidence in the record creates a genuine issue as to whether Defendants' conduct was "arbitrary in the constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998)(citations and internal quotation marks omitted). Consequently, Defendants are entitled to summary judgment with respect to Plaintiff's substantive due process claim.

---

Court's view, if exigencies can justify the eviction of a homeowner without a predeprivation hearing, they can certainly justify the seizure of handguns that are being carried in an unlawful manner without a predeprivation hearing.

Finally, the Court notes that Plaintiff asserts that the City of Dearborn is also liable under 42 U.S.C. § 1983. Because this Court's "determination that the City's officials did not violate the [Plaintiff's] constitutional rights resolves the claim against the City as well," *Bukowski v. City of Akron*, 326 F.3d 702, 712-13 (6th Cir. 2003), Plaintiff's claim against the City of Dearborn must fail.

## IV. Conclusion

For the reasons set forth above, Plaintiff has failed to create a genuine issue of material fact as to whether Defendants violated his constitutional rights under the Second, Fourth, or Fourteenth Amendments. Therefore, Defendants are entitled to summary judgment as to Plaintiff's claims under 42 U.S.C. § 1983.[7]

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
James R. Shaw, Esq.
Debra A. Walling, Esq.
Laurie M. Ellerbrake, Esq.

---

[7] Although cited in his complaint, Plaintiff makes no reference to any claim under 42 U.S.C. § 1985(3). Consequently, the Court will treat any claim Plaintiff may have asserted under 42 U.S.C. § 1985(3) as abandoned.